FILED
BOND COUNTY ILLINOIS
3/20/2026 6:04 PM
RANDI WORKMAN
CLERK OF THE CIRCUIT COURT

IN THE CIRCUIT COURT OF BOND COUNTY
THIRD JUDICIAL CIRCUIT
STATE OF ILLINOIS

RACHEL BURCHAM, individually and on behalf of minors, R.B. & B.B,

    Plaintiffs,

v.

SUKHJINDER SINGH,

    and

CHARGER LOGISTICS, INC.
Serve:
Registered Agent: Brian P. Keller
Kennedy & Associates P.C.
205 West Wacker Dr., Ste 500
Chicago, IL 60606

    Defendants.

Case No.:   **2026LA9**

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs Rachel Burcham, R.B and B.B, by and through undersigned counsel, and for this cause of action against Defendant Sukhjinder Singh and Defendant Charter Logistics, Inc., states as follows:

### PARTIES, VENUE, AND JURISDICTION

1. Plaintiff Rachel Burcham is a resident of Illinois.

2. Plaintiff R.B. is a resident of Illinois.

3. Plaintiff B.B. is a resident of Illinois.

4. Defendant Sukhjinder Singh resides and is domiciled in Calgary, Alberta, Canada.

5. Charter Logistics, Inc. is a foreign interstate transportation company with its principal place of business in Alberta, Canada and may be served through its registered agent Brian P.

EXHIBIT

**A**

Keller with Kennedy & Associates P.C., located at, 205 West Wacker Dr., Ste 500, Chicago, IL 60606.

6.    The crash that is the subject of this lawsuit occurred in Bond County, Illinois; as such, the venue is proper pursuant to 735 ILCS 5/2-101.

7.    The Defendants are subject to personal jurisdiction in that they committed a tortious act within Bond County, Illinois such that an exercise of personal jurisdiction would not offend traditional notions of fair play, and the forum has a strong interest in the exercise of personal jurisdiction.

## BACKGROUND

8.    On August 16, 2024, at approximately 4:13 PM, multiple vehicles (nine units total) were traveling eastbound on Interstate 70 in Pleasant Mound Township, Bond County, Illinois, approximately 0.2 miles east of Milepost 48.

9.    Plaintiff Rachel Burcham was driving her vehicle (unit 8) eastbound on I-70 near mile post 48 in Bond County, Illinois.

10.    Plaintiffs R.B and B.B. were both restrained passengers of Rachel Burcham's vehicle at the same place and time.

11.    At the same time and place, Defendant Singh was driving a commercial semi-truck tractor-trailer eastbound on Interstate 70 in Pleasant Mound Township, Bond County, Illinois, near mile post 48.

12.    Defendant Singh was operating under authority and control of Defendant Charter Logistics, Inc., and/or as its employee/agent.

13.    Defendant Singh did not stop for traffic, making multiple impacts with other stopped vehicles ahead, ultimately reaching Plaintiffs' vehicle.

2

14.   Singh struck the rear of Plaintiffs' vehicle with the front of his semi-truck tractor-trailer, propelling their vehicle into the trailer of unit 9.

15.   As a result of this violent collision, Plaintiffs suffered severe and permanent injuries.

16.   All Plaintiffs were transported via ambulance to Fayette County Hospital via Rural Med.

17.   Defendant Singh was issued a citation for failure to reduce speed to avoid an accident.

18.   Singh was named expressly characterized as the "at fault" party for the subject crash.

19.   The crash occurred through no fault of Plaintiff.

**COUNT I – NEGLIGENT OPERATION OF
COMMERCIAL MOTOR VEHICLE AGAINST DEFENDANTS**

20.   Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

21.   Defendant Singh owed Plaintiffs a duty to operate the semi-truck with an ordinary degree of care.

22.   Defendant Charter Logistics, Inc., by and through its agent Singh, owed Plaintiffs the duty to operate the semi-truck with an ordinary degree of care.

23.   Defendants breached their duties and were negligent in the following manner:

    a.  Failing to reduce speed to avoid an accident;
    b.  Driving too fast for conditions;
    c.  Failing to yield the right of way;
    d.  Following too closely to traffic;
    e.  Making an improper passing maneuver;
    f.  Failing to stay in his/her lane of traffic; and/or
    g.  Otherwise, negligent.

24.   Defendants' negligence was a direct and proximate cause of the damages and injuries described herein.

25.   As a result of the crash, Plaintiff Rachel Burcham suffered severe injuries to her right shoulder, hip, and lower leg, and right-side lacerations and bruises.

26.    As a result of the crash, Plaintiff R.B. suffered severe injuries to her left arm and cheek, right thigh, and lacerations to her face.

27.    As a result of the crash, Plaintiff B.B. suffered severe injuries to her right-collar bone area, right shoulder and face.

28.    As a result of the crash, Plaintiffs suffered emotional damage.

29.    As a direct and proximate result of these injuries, Plaintiffs' quality of life has been diminished.

30.    Plaintiffs have incurred medical expenses.

31.    Plaintiffs will incur future medical expenses.

32.    Plaintiff Rachel Burcham suffered wage loss.

33.    Plaintiff Rachel Burcham will suffer future wage loss and diminished earning capacity.

34.    Plaintiff's injuries are permanent, serious and progressive.

WHEREFORE, Plaintiffs pray for judgment on Count I of this Complaint against Defendant Sukhjinder Singh and Defendant Charter Logistics, Inc., in a sum in excess of twenty-five thousand dollars ($25,000.00) together with costs herein expended, for pre-judgment and post-judgment interest, and for any further relief this Court deems just and proper.

### COUNT II – NEGLIGENCE *PER SE* AGAINST DEFENDANTS

35.    Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

36.    The following statutes and regulations prescribe the conduct necessary for safe operation of motor vehicles during this crash, *inter alia*: 625 ILCS 5/11-601(a), 625 ILSC 5/11-709(a), and Federal Motor Carrier Safety Regulations 49 CFR Parts 300-399.

37.    Defendants' operation of the semi-truck on the date of the crash was subject to standards set forth in these statutes and regulations.

38. These statutes and regulations were designed for the protection of the public, including Plaintiffs.

39. Defendants' operation of the semi-truck violated these statutes and regulations.

40. The injuries Plaintiffs suffered were of the type these statutes and regulations were intended to prevent.

41. Defendants' negligence was a direct and proximate cause of the damages and injuries described herein.

42. As a result of the crash, Plaintiff Rachel Burcham suffered severe injuries to her right shoulder, hip, and lower leg, and right-side lacerations and bruises.

43. As a result of the crash, Plaintiff R.B. suffered severe injuries to her left arm and cheek, right thigh, and lacerations to her face.

44. As a result of the crash, Plaintiff B.B. suffered severe injuries to her right-collar bone area, right shoulder and face.

45. As a result of the crash, Plaintiffs suffered emotional damage.

46. As a direct and proximate result of these injuries, Plaintiffs' quality of life has been diminished.

47. Plaintiffs have incurred medical expenses.

48. Plaintiffs will incur future medical expenses.

49. Plaintiff Rachel Burcham suffered wage loss.

50. Plaintiff Rachel Burcham will suffer future wage loss and diminished earning capacity.

51. Plaintiff's injuries are permanent, serious and progressive.

WHEREFORE, Plaintiffs pray for judgment on Count II of this Complaint against Defendant Sukhjinder Singh and Defendant Charter Logistics, Inc., in a sum in excess of twenty-

five thousand dollars ($25,000.00) together with costs herein expended, for pre-judgment and post-judgment interest, and for any further relief this Court deems just and proper.

## COUNT III – NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION AGAINST DEFENDANT CHARTER LOGISTICS, INC.

52. Plaintiffs incorporate all preceding paragraphs as though fully set forth herein.

53. Defendant Charter Logistics, Inc. owed a reasonable duty of care to the public, including Plaintiffs, in the hiring, training, supervision, and retention of Singh as a truck driver in their employment.

54. Defendant Charter Logistics, Inc., knew or should have known through the exercise of reasonable care of Singh's dangerous proclivities as a driver.

55. Defendant Charter Logistics, Inc. knew or should have known through the exercise of reasonable care that Singh was not competent at operating the semi-truck.

56. Defendant Charter Logistics, Inc. knew or should have known through the exercise of reasonable care that Singh's driving posed an unreasonable risk of harm to the public, including Plaintiffs.

57. Defendant Charter Logistics, Inc. breached their duty in hiring Singh and knowingly allowed Singh to negligently operate the semi-truck in an unreasonable and unsafe manner.

58. Defendant Charter Logistics, Inc.'s failure to reasonably hire, train, supervise, and retain Singh proximately caused the crash and Plaintiffs' serious and permanent injuries.

59. As a result of the crash, Plaintiff Rachel Burcham suffered severe injuries to her right shoulder, hip, and lower leg, and right-side lacerations and bruises.

60. As a result of the crash, Plaintiff R.B. suffered severe injuries to her left arm and cheek, right thigh, and lacerations to her face.

6

61.   As a result of the crash, Plaintiff B.B. suffered severe injuries to her right-collar bone area, right shoulder and face.

62.   As a result of the crash, Plaintiffs suffered emotional damage.

63.   As a direct and proximate result of these injuries, Plaintiffs' quality of life has been diminished.

64.   Plaintiffs have incurred medical expenses.

65.   Plaintiffs will incur future medical expenses.

66.   Plaintiff Rachel Burcham suffered wage loss.

67.   Plaintiff Rachel Burcham will suffer future wage loss and diminished earning capacity.

68.   Plaintiff's injuries are permanent, serious and progressive.

WHEREFORE, Plaintiffs pray for judgment on Count III of this Complaint against Defendant Charter Logistics, Inc., in a sum in excess of twenty-five thousand dollars ($25,000.00) together with costs herein expended, for pre-judgment and post-judgment interest, and for any further relief this Court deems just and proper.

Dated: March 20, 2026                                    MORGAN & MORGAN

                                                         _/s/ Emery Reusch_____
                                                         Emery Reusch, #6313809
                                                         200 North Broadway, Suite 720
                                                         St. Louis, Missouri 63102
                                                         T: 314.252.7245 | F: 314.252.7295
                                                         Emery.Reusch@forthepeople.com

                                                         *Attorneys for Plaintiffs*